## Case No. 3,352.

### In re CRANE et al.

[15 N. B. R. 120;[1] 1 Tex. Law J. 41.]

District Court, W. D. Texas.    Sept. 5, 1875.

#### WITNESS FEES.

1. The clerk's certificate is only prima facie evidence of the number of days that a witness attended before the register. The memoranda or entries made by the register may be used as evidence to prove what proceedings have been had before him.

2. A witness is entitled to fees only for the days of actual attendance, and not for the days on which he was ready to attend.

[On certificate of register in bankruptcy.]

Pursuant to special order made at the April term of this honorable court hereto appended, referring the claim of George G. Baggerly, for seventy-three days' per diem service in attending before the undersigned register as a witness in the above matter, I do hereby certify that in the course of the proceedings in said matter the following question arose and issue made, whether or not the said witness was entitled to receive pay for the whole number of days which he claims; and the following proceedings were had: On the day appointed for the hearing of said claim Horace W. Chilton, Esq., appeared as counsel for said claimant, and Sawnie Robertson, Esq., appeared as counsel for the assignees of said bankrupt estate. The following witnesses were examined, to wit: G. G. Baggerly, in support of his claim, who also introduced two letters, and A. J. Swann and Joseph Elsasser were examined as witnesses on behalf of the estate; the attorney for the assignee also introduced in evidence the memoranda or minutes of the register, copies of which are made a part of the testimony in said matter, in connection with the depositions of the witnesses, which are herewith submitted and made a part of this certificate. Upon review of the testimony, after argument of counsel, I approved and allowed the claim for seven days, at one dollar and fifty cents per day, making the sum of ten dollars and fifty cents ($10.50), to which decision of the register the said claimant Baggerly, by his attorney, excepted, and desired that the question and issue made be certified to this honorable court for review, which is accordingly done. I further certify that the costs of this certificate have not been paid by the party requesting the same; and I would respectfully submit and ask your honor, for my guidance in future, as cases may and will frequently occur, whether or not the register in any case will be required to make a certificate of reference until the cost has been paid. Rule No. 8, General Orders in Bankruptcy, I think, requires the payment of the cost of a certificate to the register before he can be required to make and forward it. S. T. Newton, Register of said District at Tyler.

[1] [Reprinted from 15 N. B. R. 120, by permission.]

By S. T. NEWTON, Register: The issues presented for review by my decision, as shown in the foregoing certificate, involve two principal inquiries:

First. Is the certificate of the clerk of the court of the number of days which the party swears he attended before the register as a witness conclusive evidence of the fact? I think not. The clerk of the court is but a ministerial officer, and is not invested with any power by law to inquire into the truth of any fact stated in it. When a party appears before him as a witness and makes the affidavit required by law, he has no discretion but to issue the certificate embodying the statements of the party as to the number of days, and the distance traveled. The certificate is obtained upon an ex parte affidavit, and I think is only prima facie evidence of the facts stated in it, and I am of the opinion that, when those facts are contested and put in issue, the court may go behind the certificate and investigate the truth of the matter stated in it. Crawford v. Crain, 19 Tex. 146; Gause v. Edminston, 35 Tex. 73.

The second inquiry is, does the testimony in the case entitle the party to receive compensation for the whole number of days which he states in his certificate he attended before the register as a witness? I see nothing in the evidence which in my opinion establishes his right to it. When the certificate was first presented to me for my approval by the claimant, I approved it for two days' attendance only, being governed by the memoranda on my docket, as proof of the number of days which the claimant, George Baggerly, actually attended before me as a witness in said matter. At the hearing pursuant to the special order of this honorable court, these memoranda were offered in evidence by the attorney for the assignee, in proof of the number of days which the claimant attended before the register, and the compensation to which he was entitled by law, to which evidence the attorney for claimant objected, on the ground that these memoranda were not the records of the case, which objection I overruled, and allowed them to be read. (I was not asked by the attorney objecting to certify my ruling upon this question to the court). While I do not hold that the memoranda or entries made by the register form the record of a bankrupt case, I think they may be referred to, for the purpose of enabling him to know and determine what proceedings have been had before him in any particular case. They do not make the whole, but a part of the record in a case, and I think may be used by him as evidence of his own acts in any matter that has come before him judicially. These memoranda, together with the minutes and entries made by the clerk of the court, form and constitute the record.

By section four thousand nine hundred and ninety-eight (Rev. St.) of the bankrupt act of the 2d of March, 1867 [14 Stat. 517], the

register is empowered to make adjudications in bankruptcy, and by section five thousand and .thirty-four (Id.) of said act, he is invested with power of appointing assignees in uncontested cases when the creditors fail to elect. In the case of Babbitt v. Walburn & Co., Case No. 695, it was held by the court that these orders were admissible in evidence to establish those facts when put in issue; if, then, the register being empowered by law to make such orders, and they being allowed as proof to establish them, I am unable to see why they should be of less weight, or not be equally valid to prove any other fact which is put in issue before the register judicially in any matter where he is by law authorized to act. The claimant Baggerly in his testimony does not, in any manner, contradict these entries as to the number of days which is shown by them he actually attended as a witness. He says he went up to the register's office on the 21st and 22d days of January, that he inquired of the register on one or two other occasions, and also inquired of the assignee when he would be examined; but these inquiries were made after he had been told by the assignee that if he wanted to examine him he would let him know, and he nowhere states that he attended at the register's office in obedience to the subpoena except on the two days above stated.

The letters introduced in evidence by the claimant, written from Wills Point, purporting to be answers to letters of said claimant which were not shown or offered in evidence, I think, in consideration of this case, are not entitled to much weight; they show a loose correspondence, and no proposition made or accepted by either party; nor does he state that he at any time advised the assignee that the situation he claims to have lost was ever offered to him, nor that he was detained from going by reason of the subpoena. His declarations to others as to his obtaining or getting a situation at that place could not have the effect of making the assignee responsible, or charging the estate of the bankrupt with the loss of it. Further, it is not shown by the testimony of the claimant or by Mr. Elsasser, in whose employment he was at the time, that he lost any time from his employment, not even on the two days that it is shown he actually attended at the office of the register.

The testimony of the assignee, Mr. Swann at whose instance the claimant was subpoenaed, shows that on the next day, or day after the witness was discharged, he met him and told him that if he wanted to examine him he would let him know. This information by the party who subpoenaed him, it seems to me, was sufficient for him not to have given himself further trouble about his examination. The witness, in his testimony, explains, to some extent, what he meant in his affidavit, in procuring his certificate for seventy-three days, that what he meant by attendance on the court was that he was

ready to attend. This was but a conclusion, the mere understanding of the witness, which does not in law entitle him to compensation for the days not actually attended. The law allows fees to witnesses who actually, and not speculatively, attend in obedience to her mandate. At the hearing of said matter, and upon a review of the testimony, I allowed the claimant for seven days' attendance, which I thought was authorized by the testimony of the assignee, and it appears to me to be all that he can justly claim. Inasmuch as my official acts form a part of the testimony in this matter, I decline to express any opinion as to the question of taxing the costs occasioned by this appeal from my decision, including the certificate and other costs, which is respectfully submitted to your honor.

DUVAL, District Judge. The proceedings had before Mr. Register Newton, in regard to the claim of George Baggerly for seventy-three days' attendance in the above case as a witness, have been certified to me for revision at the request of said Baggerly. The evidence shows that the witness resided in the city of Tyler, where the register's court was held, and that he was engaged in business very near by. That a short time after the 21st of January, 1875, when the subpoena required him to appear, he was informed by the assignee who had been summoned that when he got ready for his examination he would come over and let him know, etc. These facts, in connection with others, prove conclusively, in my judgment, that the witness cannot be regarded as having been in "attendance" upon the court, in contemplation of law, any time after he was informed by the assignee that he would let him know when he was wanted, or words to that effect. To allow his claim for attendance as a witness for sixty-six days after that period would be wholly unauthorized, and I am surprised, under all the circumstances, that such a claim should be set up and urged.

Having carefully read and considered all the evidence which the register had before him, and the law properly applicable to it, my opinion is that the conclusions arrived at by him are correct. The decision of Mr. Register Newton is therefore affirmed, and the witness Baggerly taxed with all the costs of this proceeding. And it is so ordered and adjudged accordingly. The clerk will enter this order of record and give the usual notice thereof to the parties interested.